Dear Mr. Gowen:
On behalf of the Industrial Development Board of the Parish of Caddo, Inc. (the "Board") requested an Attorney General's opinion regarding the ad valorem tax exemption of property owned by the Board. You indicated the Board is working with Libbey's Glass Inc. to encourage the plant to remain in Shreveport. The Board, created under Chapter 7 of Title 51 of the Louisiana Revised Statutes of 1950, as amended, (the "Act") plans to issue revenue bonds pursuant to the Act and use the proceeds to acquire land, construct a building, purchase equipment and related facilities to be used as a warehouse and distribution facility in Caddo Parish (the "Project"). The Project will be leased to FR Caddo Parish, LLC (the "Developer") for payments sufficient to pay debt service on the revenue bonds. The Project will be leased to Libbey's Glass Inc. or an affiliate or related company.
You question whether the property owned by the Board pursuant to the Act will be exempt from ad valorem property taxes and whether the Board may require a payment in lieu of taxes in an amount not exceeding the amount that would have been paid in ad valorem taxes.
La. Const. (1974) Art. VII, Sec. 21 provides a list of property that shall be exempt from ad valorem taxation. "Public lands; other public property used for public purposes" is included within the list of exempt property. Article VII, Section 21(A), when referring to the tax exempt status of public property, other than public lands, imposes a two-fold requirement that:
 (1) Title to the property must vest in the public; and
 (2) The property must be used for a public purpose.
See Slay v. Louisiana Energy and Power Authority,473 So.2d 51 (La. 1985).
Industrial Development Boards are nonprofit public corporations organized pursuant to R.S. 51:1151, et seq. for the purpose of promoting the existence, development and expansion of commerce, trade and industry in this state. With regard to Industrial Development Boards, R.S. 51:1152 provides, in pertinent part:
A. The legislature hereby finds and determines:
 (1) That the existence, development and expansion of commerce and industry are essential to the economic growth of the state and to the full employment, welfare and prosperity of its citizens;
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 (4) That the present and future health, safety, right to gainful employment, and the general welfare of the people of the state merit and require the assistance of the state, its agencies, and political subdivisions in the development within the state and its political subdivisions of industrial, agricultural, manufacturing, and research enterprises . . . and in the attraction and retention of sound business and commercial enterprises which contribute to the economic growth and vitality of the state and its political subdivisions;
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 (6) That the means and measures herein authorized by this chapter and the assistance provided in this chapter, especially with respect to financing, are in the public interest and serve a public purpose of the state in promoting the health, welfare, and safety of the citizens of the state . . . by the securing and retaining of private industrial, commercial and other enterprises and the resulting maintenance of a higher level of employment and economic activity and stability.
 B. It is the intent of the legislature by passage of this Chapter to authorize the incorporation in the several municipalities or in the parishes in this state of public corporations to acquire, own, lease, rent, repair, renovate, improve, finance, sell, and dispose of properties to the end that such corporations may be able to promote industry and develop trade by inducing manufacturing, industrial, commercial and other enterprises to locate in this state and further the use of its agricultural products and natural resources . . . and to acquire, own, lease, rent, repair, renovate, improve, finance, sell, and dispose of properties to the end that such corporations may be able to attract and retain business and commercial enterprises in the municipality or parish to maintain and expand employment and the economy in the area.
Additionally, R.S. 51:1160 pertinently provides:
 The corporation is hereby declared to be performing a public function on behalf of the municipality or parish with respect to which the corporation is organized and to be a public instrumentality of such municipality or parish. Accordingly, the corporation and all properties at any time owned by it and the income therefrom and all bonds issued by it and the income therefrom shall be exempt from all taxation in the state of Louisiana; provided, however, that the corporation may require the lessee of each of the projects of the corporation to pay annually to parish or municipal taxing authorities, through the normal collecting agency, a sum in lieu of ad valorem taxes to compensate such for any services rendered by them to such projects which sum shall not be in excess of the ad valorem taxes such lessee would have been obligated to pay to such authorities had it been the owner of such project during the period for which such payment is made. (Emphasis added).
In Attorney General Opinion No. 77-916 our office concluded that, in accordance with the constitutional and statutory provisions quoted hereinabove, all property held in the name of Industrial Development Boards is exempt from all ad valorem taxation in the State of Louisiana. Additionally, this office previously recognized that the fact that public property is leased to a private entity does not preclude it from being used for a public purpose so as to be exempt. See Attorney General Opinion Nos. 93-392 and 89-599.
Our office previously opined that where property titled in an Industrial Development Board is leased to a developer or other private user, the property is exempt from ad valorem taxation. See Attorney General Opinion Nos. 88-454, 93-642 and 99-267.
While La. R.S. 51:1152 states that the means and measures authorized by that statute are in the public interest and serve a public purpose, please be aware that any project or development undertaken pursuant to R.S. 51:1152 must still comply with the Louisiana Constitution. Article VII, Section 14 of the Louisiana Constitution of 1974 provides, in pertinent part, the following:
 "Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . ."
Article VII, Section 14 of the Louisiana Constitution clearly prohibits the donation of public funds. Thus the state or any of its political subdivisions may not loan, pledge or donate its funds or anything of value to or for any person when it is under no obligation to do so. See City of Port Allen v.Louisiana Municipal Risk Agency, 439 So.2d 399 (La. 1983); Beaird-Poulan, Inc. v. Department of Highways,362 F.Supp. 547 (W.D.La. 1973). In order to comply with Art VII, Section 14, the Board must receive a value or benefit (i.e. rents, creation of new jobs, securing and retaining private industrial, commercial and other enterprises, etc.) reasonably equivalent to the value of the leased property.
Based upon the foregoing, it is the opinion of this office that while the property is leased to the private developer and title to the property is held by the Board, the property will be exempt from ad valorem taxation. Furthermore, the Board may negotiate and require a payment in lieu of tax during the term of the ownership of the Project by the Board and the lease of the Project to the Developer in an amount not in excess of the amount that would be paid in taxes if the Project were subject to ad valorem taxes.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ______________________ KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/mjb